**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1426**
_____

ANDRE J. MCSWAIN,

                    Plaintiff – Appellant,

        v.

LAURENE POWELL JOBS; APPLE INC; GOOGLE INC.,

                    Defendants - Appellees.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cv-00890-CCE-JLW)

_____

Submitted:  September 25, 2014      Decided:  September 29, 2014

_____

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

Andre J. McSwain, Appellant Pro Se. William Andrew Copenhaver, Ronald R. Davis, James Aaron Dean, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Winston-Salem, North Carolina; Rodrick John Enns, ENNS & ARCHER, LLP, Winston-Salem, North Carolina; Jacqueline Elizabeth Young, PERKINS COIE LLP, San Francisco, California, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre McSwain appeals the district court's order dismissing his complaint for failure to state a claim and denying his self-styled motions to strike, its order denying his motions to alter or amend and for sanctions, and its order denying his motion for recusal of the magistrate judge and district judge assigned to his case. For the reasons that follow, we affirm in part and dismiss in part.

First, we conclude that we lack jurisdiction over the district court's underlying dismissal order, because McSwain's notice of appeal was not timely as to that order. See Fed. R. App. P. 4(a)(1)(A), (a)(5), (a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). McSwain's motion for reconsideration, appropriately construed as a Fed. R. Civ. P. 60(b) motion, see In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992), was not effective to toll the appeal period from the underlying judgment. See Fed. R. App. P. 4(a)(4)(A). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Turning to the denial of McSwain's post-judgment motions, we limit appellate review to those issues raised in the informal brief. 4th Cir. R. 34(b). We conclude that the district court did not abuse its discretion in determining that

2

McSwain failed to make the requisite showing for Rule 60(b) relief or for recusal. See Cent. Tel. Co. of Va. v. Sprint Commc'ns Co. of Va., 715 F.3d 501, 515 (4th Cir.) (standard of review for recusal decisions), cert. denied, 134 S. Ct. 423 (2013); Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (standard of review for Rule 60(b) motions); Belue v. Leventhal, 640 F.3d 567, 572-74 (4th Cir. 2011) (discussing requirements for judicial recusal); Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (describing requirements for relief under Rule 60(b)). Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's rulings in these orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

3