**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 16-1769**

———————————

ROBERT HOROWITZ; CATHY HOROWITZ,

                  Plaintiffs - Appellants,

        v.

FEDERAL INSURANCE COMPANY, d/b/a Chubb & Son, a division of
Federal Insurance Company,

                  Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, Senior District
Judge.  (8:15-cv-01959-DKC)

———————————

Submitted: February 28, 2017         Decided:  March 10, 2017

———————————

Before AGEE, KEENAN, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John S. Lopatto III, Washington, D.C., for Appellant.   Eric
Hemmendinger, SHAWE & ROSENTHAL LLP, Baltimore, Maryland, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Robert Horowitz and Cathy Horowitz commenced this action against Federal Insurance Company ("Federal"), alleging that Federal violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 to -204 (LexisNexis 2013) (MCDCA), and the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. §§ 7-101 to -502 (LexisNexis 2015) (MCALA), by funding a state court action for unpaid legal fees brought against the Horowitzes by the Horowitzes' former counsel. The district court granted Federal's motion to dismiss the complaint, and we affirm.

We review de novo a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, taking the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiffs' favor. Harbout v. PPE Casino Resorts Md., LLC, 820 F.3d 655, 658 (4th Cir. 2016). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

To state a cause of action under the MCDCA, the Horowitzes were required to assert that Federal was a collector—that is, "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law § 14-201(b). To state a claim under the MCALA, the Horowitzes had to allege that Federal was a collection agency—that is, "a person who engages directly or indirectly in the business of collecting for, or soliciting from another, a consumer claim." Md. Code Ann., Bus. Reg. § 7-101(c)(1)(i) (LexisNexis 2015). The Horowitzes failed on both fronts. Although the complaint insinuated that someone other than Selzer paid for Selzer's legal representation, it fell short of plausibly asserting that Federal here acted as a collector or a collection agency as defined by the state statutes in Maryland. Iqbal, 556 U.S. at 678.

Accordingly, we affirm the district court's dismissal of the complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3