**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2443**

ROBERT HOROWITZ; CATHY HOROWITZ,

Plaintiffs - Appellants,

v.

FEDERAL INSURANCE COMPANY, d/b/a Chubb & Son, a division of Federal
Insurance Company,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, Senior District Judge. (8:15-cv-01959-DKC)

Submitted: July 24, 2018                                      Decided: July 31, 2018

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John S. Lopatto III, Washington, D.C., for Appellants. Eric Hemmendinger, SHAWE
ROSENTHAL LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2014, the law firm of Selzer Gurvitch Rabin Wertheimer Polott & Obecny, P.C. ("Selzer"), commenced a state court action to recover unpaid legal fees from Robert Horowitz and Cathy Horowitz, who, in turn, counterclaimed for legal malpractice. Federal Insurance Company ("Federal"), Selzer's insurance carrier, retained Miles & Stockbridge, P.C. ("Miles"), to defend the malpractice claim. After entering an appearance, Miles also prosecuted Selzer's fee recovery claim.

After Selzer prevailed in the state court action, the Horowitzes commenced the underlying diversity action alleging that Federal violated Maryland consumer protection laws by funding Selzer's claim for unpaid legal fees. The district court granted Federal's motion to dismiss the complaint, and we affirmed on appeal. *Horowitz v. Fed. Ins. Co.*, 680 F. App'x 224 (4th Cir. 2017) (No. 16-1769). The Horowitzes thereafter filed a Fed. R. Civ. P. 60(b)(2) motion, asserting that new evidence warranted relief from the district court's judgment. Specifically, the Horowitzes relied on an audit report, prepared by Federal and sent to Selzer, which outlined certain billing charges from Miles that Selzer's malpractice insurance would not cover. The Horowitzes now appeal the denial of their Rule 60(b)(2) motion.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc). A party seeking relief under Rule 60(b)(2) must, among other things, demonstrate that his claim is meritorious, *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 n.3 (4th Cir. 1997), and produce "newly discovered

2

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2).

We detect no abuse of discretion in the district court's denial of the Horowitzes' Rule 60(b)(2) motion. As the court correctly found, the audit report fails to establish that Federal funded the fee litigation. Rather, the report lists several items, billed by Miles, for which Federal refused to pay because the work fell outside the scope of Selzer's malpractice insurance. Thus, the report actually tends to undermine the Horowitzes' contention that Federal paid Miles to represent Selzer in its fee recovery action. Undeterred, the Horowitzes point to a state administrative decision finding that a genuine issue of material fact existed as to the authenticity of the audit report. This decision is not evidence, however, but rather an interlocutory legal ruling. Finally, we reject the Horowitzes' suggestion that the district court misapprehended the nature of its prior judgment.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*