*498 Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Chief Judge TRAXLER and Judges WILKINSON, SHEDD, DUNCAN, AGEE, and DIAZ joined. Judge DIAZ wrote a concurring opinion in which Judges SHEDD, DUNCAN, and AGEE joined. Judge KING wrote a dissenting opinion in which Judges MOTZ, GREGORY, DAVIS, and KEENAN joined. Judge DAVIS wrote a separate dissenting opinion.
OPINION
NIEMEYER, Circuit Judge:
Frederick Aikens, formerly a colonel in the North Carolina Army National Guard, commenced this action against his former colleagues, Adjutant General William Ingram and Lieutenant Colonel Peter von Jess, alleging that they violated his Fourth Amendment rights by wrongfully intercepting, reading, and forwarding his emails while he was deployed in Kuwait. The district court dismissed the action without prejudice, concluding that it lacked subject matter jurisdiction because of Colonel Aikens’ failure to exhaust any available intra-military remedies. The court entered a judgment of dismissal on September 14, 2007.
Although Colonel Aikens held the firm belief that the district court had erred, he did not appeal, nor did he seek a stay to assure the district court’s continuing jurisdiction over the matter. Aikens did file his claim with the Army Board for Correction of Military Records (“ABCMR”), but then, when the Board determined that it could not provide him with the relief that he sought, he did not file another action in the district court. Rather, he sought to reopen the September 14, 2007 judgment by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), several months after that action had become final and unappealable. The district court denied the Rule 60(b)(6) motion in the exercise of its discretion, reasoning that Colonel Aikens had failed to establish the extraordinary circumstances necessary under Rule 60(b)(6) for granting relief from the September 14, 2007 judgment.
For the reasons that follow, we conclude that the district court did not abuse its discretion and thus affirm.
I
After Frederick Aikens was promoted to colonel in the North Carolina Army National Guard, Lieutenant Colonel Peter von Jess was selected to replace him as executive officer of the 139th Rear Operations Center. Shortly thereafter, Colonel Aikens began receiving complaints about von Jess from subordinate field officers, leading Aikens to discipline von Jess in a July 2002 officer evaluation report. Aikens reiterated that evaluation in a December 2002 evaluation report. Adjutant General William Ingram, who had selected von Jess to replace Aikens as executive officer, invalidated Colonel Aikens’ evaluation of von Jess, which provoked Colonel Aikens to file a complaint for undue command influence with the Department of the Army Inspector General. The Inspector General substantiated Aikens’ complaint.
According to Aikens, when he was later deployed to Kuwait in April 2003, two of his subordinate officers, under instructions from General Ingram, illegally monitored and intercepted his personal e-mails from a computer system they had set up for him. These e-mails contained personal correspondence, including negative statements about General Ingram and others.
Thereafter, General Ingram ordered two separate investigations of Aikens, one in December 2003 and another in February 2004, both of which were later determined to be unsubstantiated. But Colonel Ai *499 kens was later notified by the Inspector General that he was the subject of yet another investigation for a “hostile command climate and inappropriate relations with women.” These charges were substantiated in part by use of the intercepted e-mails. Colonel Aikens asserts that as a result of the third investigation he resigned from the North Carolina National Guard in June 2005 and that his resignation amounted to constructive discharge from the United States Army. After his resignation, he was transferred to the Retired Reserve.
Colonel Aikens commenced this action against General Ingram and Lieutenant Colonel von Jess, contending that the defendants violated his Fourth Amendment rights and Army Regulation 380-19. General Ingram and Lieutenant Colonel von Jess filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked subject matter jurisdiction because Colonel Aikens had failed to exhaust his intraservice military remedies through the ABCMR. Aikens responded, arguing that exhaustion was unnecessary because the ABCMR could not address Fourth Amendment violations and that General Ingram and Lieutenant von Jess were, in any event, state actors, not a federal agency subject to the ABCMR.
The district court granted the motion without prejudice, directing Aikens to exhaust his intra-service administrative remedies with the ABCMR. Aikens v. Ingram, 513 F.Supp.2d 586 (E.D.N.C.2007). The court noted that Colonel Aikens’ complaint, in making his Fourth Amendment argument, relied on Army Regulation 380-19 and that the ABCMR “has authority to ‘correct an error or remove an injustice’ in plaintiffs military record,” id. at 591 (quoting 10 U.S.C. § 1552(a)(1)), and to “ ‘reinstate [plaintiff] in a comparable active federal reserve status, restore his pay and order compensatory back pay,’ ” id. (quoting Williams v. Wilson, 762 F.2d 357, 360 n. 6 (4th Cir.1985) (alteration in original)). The court reasoned:
At bottom, plaintiff seeks to rescind the resignation letter contained in his military record. In so doing, he relies on the Fourth Amendment and on Army Regulation 380-19. However, plaintiffs “failure to exhaust intraservice administrative remedies [makes] his federal claim a nonjusticiable military controversy.”
Id. (quoting Williams, 762 F.2d at 360) (alterations in original). Explaining that its dismissal without prejudice “grant[ed] deference to the military to handle its own affairs,” the court stated that if the ABCMR had jurisdiction, the court would later conduct judicial review of the administrative proceeding. P it if the ABCMR did not have jurisdiction, the agency would “take no action and [Aikens] [could] return to federal court.” Id. at 591-92.
Colonel Aikens contends that the district court was “indisputably wrong about exhaustion,” but he elected not to appeal.[2] Neither did Colonel Aikens ask the district court for a stay of its dismissal order, a request he agreed at oral argument was not barred. Rather, he “dutifully,” as he asserts, pursued administrative remedies before the ABCMR. The ABCMR denied Aikens relief, writing in a letter to Colonel Aikens, “Upon review it has been determined that your application and the remedy you seek is not within the purview of the ABCMR; therefore, it is returned without prejudice and without action being taken by this Board.”
*500 On March 31, 2008, more than six months after the district court entered its judgment of dismissal, Aikens returned to court. Rather than filing a new action, he filed a motion for relief from the September 14, 2007 judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6). He argued that the judgment should be reopened because he had complied with the court’s requirement that he exhaust his intra-service administrative remedies. The district court denied the motion on the ground that Colonel Aikens had failed to show the “extraordinary circumstances” warranting relief from the judgment under Rule 60(b)(6). Aikens v. Ingram, No. 5:06-cv-185-D, 2008 WL 4831420 (E.D.N.C. Nov. 5, 2008). The court noted that its judgment of dismissal without prejudice anticipated that Colonel Aikens would return to federal court through the filing of a new action. See id. at *4. Although Aikens failed to raise the issue in his Rule 60(b) motion, the court further noted that Aikens apparently sought Rule 60(b) relief because he might be faced with a statute of limitations defense if he filed a new action. It observed, however, that any limitations problem was the result of Aikens’ tactical decisions not to seek administrative review earlier and to file this action late in the limitations period. See id. at *5.
From the district court’s order denying Aikens’ motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), Aikens filed this appeal.
II
Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for “any other reason that justifies relief.” Fed.R.Civ.P. 60(b)(6).[3] While this catchall reason includes few textual limitations, its context requires that it may be invoked in only “extraordinary circumstances” when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(l)-(5). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n. 11, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). As Chief Justice Rehnquist noted in his separate opinion in Liljeberg:
Rule 60(b) authorizes a district court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for any “reason justifying relief from the operation of the judgment.” However, we have re *501 peatedly instructed that only truly “extraordinary circumstances” will permit a party successfully to invoke the “any other reason” clause of § 60(b). This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.
486 U.S. at 873,108 S.Ct. 2194 (Rehnquist, C.J., dissenting) (citations omitted). To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments, such as Rule 59 (requiring that motions for new trial or to alter or amend a judgment be filed no later than 28 days after the entry of judgment); Rule 6(b)(2) (providing that a court may not extend the time to file motions under Rules 50(b), 50(d), 52(b), 59(b), 59(d), 59(e), and 60(b)); and Federal Rule of Appellate Procedure 4(a) (requiring generally that appeals be filed within 30 days after judgment).
We have thus required — in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on “just terms” and within “a reasonable time” — that the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside. See Nat’l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir.1993). And if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (holding that the “voluntary, deliberate, free [and] untrammeled choice” not to appeal the original judgment or order cannot estabIish a basis for Rule 60 relief) (quoting Ackermann v. United States, 340 U.S. 193, 200, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (alteration in original)); In re Burnley, 988 F.2d 1, 3 (4th Cir.1992) (“A Rule 60(b) motion may not substitute for a timely appeal”). See generally 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2864, at 359-60 & n. 25 (2d ed.1995) (collecting cases).
We review the district court’s ruling on a 60(b) motion for abuse of discretion, see Browder v. Dir., Dep’t of Corrections of Ill., 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); Nat’l Credit Union, 1 F.3d at 265, and “an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review,” Browder, 434 U.S. at 263 n. 7, 98 S.Ct. 556.
With these principles in hand, we now turn to Colonel Aikens’ contention that the district court abused its discretion in denying him relief from its prior judgment of dismissal under Rule 60(b)(6).
Ill
Aikens asserts that he demonstrated extraordinary circumstances to reopen the September 14, 2007 judgment because (1) “[a]fter dismissal, he dutifully sought exhaustion from the ABMCR” and (2) he would “face a limitations defense” upon filing a new claim. He maintains that his predicament was “caused by the district court’s erroneous exhaustion requirement” and that he is therefore entitled to relief from the erroneous judgment.[4] Alternatively, he argues that the district court should have treated his Rule 60(b)(6) mo *502 tion as a new complaint that commenced a new action rather than deny it outright. On his observation that the defendants would likely have filed a statute of limitations defense against any new complaint that he might have filed, Aikens speculates:
Appellees will argue that the limitations period began to run on November 24, 2003, when Col. Aikens became aware of the claim. A three year limitations period applies to Col. Aikens’s claim. Col. Aikens timely filed his case in the district court on April 27, 2006, tolling the limitations period with 212 days left. But Appellees will argue that the limitations period began to run again on September 13, 2007, when the district court dismissed the claims for failure to exhaust and that the limitations period never was tolled again.
(Internal citations omitted).
In the circumstances, we conclude that the district court did not abuse its discretion in finding that Aikens did not demonstrate the “extraordinary circumstances” necessary to employ Rule 60(b)(6) as a bypass around routinely available procedures, particularly when his failure to use those procedures was the product of his strategic litigation choices. There were multiple procedural mechanisms that Aikens could have used to pursue his claim.
First, if Aikens was convinced that the district court erred in dismissing his action for failure to exhaust administrative remedies, as he apparently was, he should have appealed, but he did not. As he reiterates in his brief, “the district court was indisputably wrong about exhaustion, and Col. Aikens consistently argued to the district court that exhaustion was not required.” The obvious procedure to follow was to appeal the judgment by filing a notice of appeal within 30 days of the September 14, 2007 judgment. This court has repeatedly recognized that a Rule 60(b) motion is not designed to serve as an alternative for an appeal. For example, in Dowell, we held that the district court did not abuse its discretion in denying a motion for relief from judgment based on a change in governing state law, because the petitioner did not appeal the original district court decision. Dowell, 993 F.2d at 48 (citing Ackermann, 340 U.S. at 198, 71 S.Ct. 209). In cases where the petitioner freely chooses not to appeal the district court’s original judgment, this court has consistently held that the petitioner had not demonstrated extraordinary circumstances. Id.; Burnley, 988 F.2d at 3; cf. Hall v. Warden, 364 F.2d 495, 496 (4th Cir.1966) (en banc) (refusing to vacate final judgment on grounds that district court erred in light of later Supreme Court decision). In short, Rule 60(b)(6) does not serve as a substitute for appeal. It is the office of appeal that is designed to correct perceived errors, and any appeal is governed by an independent set of rules and time considerations. See, e.g., Fed. R.App. P. 4(a)(1) (providing, with exceptions, that a notice of appeal must be filed “within 30 days after the judgment or order appealed from is entered”).
Second, Aikens could have asked the district court to stay the action pending exhaustion of administrative remedies, but again he did not, failing to recognize that such a stay would be an appropriate exercise of the district court’s discretion. We have readily ordered a stay of an ongoing federal action pending exhaustion of administrative or state proceedings, particularly to avoid statute of limitations problems. See, e.g., Traverso v. Penn, 874 F.2d 209, 212-13 (4th Cir.1989) (requiring a stay rather than dismissal of § 1983 action to allow for exhaustion of pending state proceedings); Suggs v. Brannon, 804 F.2d 274, 279-80 (4th Cir.1986) (abstaining from § 1983 claim due to ongoing state prosecution, but ordering a stay rather *503 than dismissal because of statute of limitations problem); Stubbs v. Foley, No. 92-7164, 998 F.2d 1010, 1993 WL 261975 at *2 (4th Cir. July 2, 1993) (unpublished) (vacating dismissal for failure to exhaust and remanding with order to stay pending exhaustion due to concern about a potential statute of limitations problem). And if the district court refused a stay, he could have appealed and requested a stay from us. See id.
Third, after exhausting administrative remedies, Aikens could have filed a new action, rather than seeking relief from a months-old judgment or claiming that the district court should have treated his Rule 60(b)(6) motion as a new action. At oral argument, Aikens’ counsel conceded that had he filed a new action instead of a Rule 60(b)(6) motion, it would have been timely filed and not subject to a statute of limitations defense. Because counsel made the choice to file a Rule 60(b)(6) motion, the district court reasonably found that Aikens had not demonstrated “extraordinary circumstances” to justify granting a Rule 60(b)(6) motion.
In short, Aikens’ posited predicament was as much the result of his management of the action and his litigation strategy choices as it was the result of the district court’s erroneous judgment of dismissal. Moreover, he did not demonstrate that his posited limitations predicament was anything more than speculation. It is not clear when Aikens’ cause of action accrued, and Aikens’ counsel agreed that he did not know what tolling provisions might apply or how they might apply.
The district court concluded that Aikens cannot “avoid the statute of limitations problem he now faces by deft use of Rule 60(b)(6). Stated simply, ‘extraordinary circumstances’ do not arise due to time limitations that otherwise apply, and a plaintiff cannot use Rule 60(b)(6) to evade such time limitations.” Aikens, 2008 WL 4831420, at *5. We cannot find that the district court’s conclusion was an abuse of discretion. Indeed, it is consistent with the Supreme Court’s similar conclusion in Ackermann, where the petitioner decided not to appeal for tactical reasons. As the Court stated:
Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong.... There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.
Ackermann, 340 U.S. at 198, 71 S.Ct. 209.
IV
In the alternative, Aikens argues that the district court should have treated his Rule 60(b)(6) motion as a complaint commencing a new action, citing Miller v. Norris, 247 F.3d 736 (8th Cir.2001). This is an extraordinary argument for him to make since he acknowledges that he made a choice not to file a new action and that he never asked the district court to treat his Rule 60(b)(6) motion as a new complaint. Had Aikens made that request, the court surely would have instructed him to file the complaint, not the Rule 60(b)(6) motion.
The holding in Miller provides meager support for his position. In Miller, a pro se inmate filed a “Motion to Reinstate Cause,” complaining about prison conditions. The Eighth Circuit, giving the inmate, who was not a lawyer, the benefit of a liberal construction, treated the inmate’s motion to reinstate “cause” as a complaint *504 stating the “cause.” Miller, 247 F.3d at 739.
Aikens’ circumstances are not similar. While the inmate in Miller apparently sought to file a “cause,” Aikens’ Rule 60(b)(6) motion was filed to vacate a final judgment. In addition, courts construe pro se motions liberally, which the district court was not required to do for Aikens in this case because he was represented by counsel at all times. Finally, we cannot find that the district court abused its discretion in not, sua sponte, treating Aikens’ Rule 60(b)(6) motion as a new complaint, when Aikens deliberately refrained from making such a request himself.
V
In the circumstances of this case, we cannot conclude that the district court abused its discretion in denying Aikens’ March 31, 2008 motion to reopen the September 14, 2007 judgment under Federal Rule of Civil Procedure 60(b)(6).

AFFIRMED

. Even though we do not address the merits of the district court’s allegedly erroneous judgment requiring exhaustion, we do observe that the law on that issue was not entirely clear.

. Federal Rule of Civil Procedure 60(b) provides in full:
Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
And Federal Rule of Civil Procedure 60(c)(1) provides:
Timing. A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

. Aikens also argues that when the district court stated that he could "return to federal court” if the ABCMR did not have jurisdiction, it somehow made him a promise that he would succeed on his Rule 60(b)(6) motion. However, we refuse to construe this invitation-to-return language as anything other than the district court's explanation for dismissing his action without prejudice.