**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6968**

LESTER JON RUSTON,

                    Petitioner – Appellant,

      v.

U.S. ATTORNEY GENERAL ERIC HOLDER; DIRECTOR CHARLES E.
SAMUELS,

                    Respondents - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge. (5:12-hc-02090-BO)

Submitted: October 22, 2013       Decided: October 25, 2013

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lester Jon Ruston, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lester Jon Ruston appeals the district court's order denying Ruston's motion to reconsider, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, its order denying relief on his 28 U.S.C. § 2241 (2006) petition.[1]  We affirm.

We review the denial of a Rule 60(b) motion for abuse of discretion.  MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008).  Our review is limited to the propriety of Rule 60(b) relief and does not extend to the underlying judgment.  Id.  A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."  Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted).  If this showing is made, the movant also must demonstrate one of the six enumerated grounds for relief under Rule 60(b).  See Fed. R. Civ. P. 60(b); Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997); see also Aikens v. Ingram, 652 F.3d 496, 500-01 (4th

---

[1]  To the extent Ruston seeks to appeal the underlying judgment denying Ruston's § 2241 petition, we lack jurisdiction to address this order, as his notice of appeal is timely only as to the order denying Rule 60(b) relief.  See Fed. R. App. P. 4(a)(1)(B) (providing sixty-day appeal period), 4(a)(4)(A)(vi) (addressing tolling pending disposition of Rule 60(b) motion).

Cir. 2011) (en banc) (addressing requirements for relief under Rule 60(b)(6)).

We have reviewed the record and discern no abuse of discretion, as we conclude that Ruston did not make the requisite showing for relief under Rule 60(b).[2] Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's order. We deny Ruston's motions to expand the record on appeal, for an injunction, and for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] Additionally, while Ruston raises a claim of judicial bias in his informal brief, we find nothing in the record to support these allegations. Rather, Ruston's assertions appear to be based on his disagreement with the substantive rulings made by the district court. See Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984) ("Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.").

3