**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-1515**

─────────────

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff - Appellee,

     and

UNITED STATES OF AMERICA,

          Intervenor/Plaintiff,

     v.

ERIC I. TSAO,

          Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:03-cv-01596-RWT)

─────────────

Submitted:  November 7, 2016     Decided:  December 15, 2016

─────────────

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Stephen J. Crimmins, Brian M. Walsh, MURPHY & MCGONIGLE, P.C., Washington, D.C., for Appellant.  Jeff Rosenblum, Deputy General Counsel, Richard M. Humes, Associate General Counsel, Timothy N. McGarey, Special Trial Counsel, U.S. SECURITIES & EXCHANGE COMMISSION, Washington, D.C., for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2004, Eric I. Tsao entered into a consent decree with the Securities and Exchange Commission (SEC). Tsao appeals the district court's order denying his motion to reopen the case and modify the portion of the consent decree barring him from serving as an officer or director of a public company ("O/D bar"). Finding no error, we affirm.

We review the denial of a Rule 60(b) motion for abuse of discretion. Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc). "Under Rule 60(b)(5), a court may relieve a party from an order if it is no longer equitable that the judgment should have prospective application." Thompson v. U.S. Dep't of Hous. & Urban Dev., 404 F.3d 821, 826 (4th Cir. 2005) (internal quotation marks omitted). Rule 60(b)(5) encompasses a district court's inherent authority to modify a consent decree.* Id.

To support a motion to modify a consent decree, the moving party "bears the burden of establishing that a significant change in circumstances warrants revision of the decree." Thompson, 404 F.3d at 827 (quoting Rufo v. Inmates of Suffolk

---

* Because a district court may modify a consent decree under Rule 60(b)(5), Tsao's contention that the decree may also be modified under Rule 60(b)(6) fails — Rule 60(b)(6) "may be invoked in only extraordinary circumstances when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens, 652 F.3d at 500.

3

Cty. Jail, 502 U.S. 367, 383 (1992)). "A significant change either in factual conditions or in law can support a requested modification." Id. (internal quotation marks omitted).

> A significant change in the factual conditions can support a modification if the changed conditions make compliance with the decree substantially more onerous, if the decree proves to be unworkable because of unforeseen obstacles, or if enforcement of the decree without the modification would be detrimental to the public interest. Ordinarily, however, modification should not be granted where a party relies upon events that actually were anticipated at the time it entered into a decree.

Id. (citations and internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in declining to modify the consent decree. The district court considered the relevant factors and did not consider any erroneous facts. While we agree with the district court's description of Tsao's postconviction conduct as laudable, Tsao has been able to achieve great success in his profession despite the O/D bar. Tsao's current employer was aware of the O/D bar when it hired him, and thus any difficulty it faces in becoming a public company with him as an officer was foreseeable. Moreover, Tsao demonstrates no more than speculation that his employer's interests would be harmed in the future. And while Tsao's work in public health does benefit the public interest, this fact fails to overcome the public interest in the finality of judgments. To the extent that Tsao argues

4

the SEC has not sought lifetime O/D bars in other insider trading cases, we note that the cited cases are distinguishable, and that the SEC has sought such sanctions in appropriate cases. See, e.g., Sec. & Exch. Comm'n v. Resnick, 604 F. Supp. 2d 773, 783 (D. Md. 2009); see also Rufo, 502 U.S. at 389 (noting that not every "clarification in the law automatically opens the door for relitigation of the merits of every affected consent decree").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED