**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1249**

SEON D. DEABREU,

             Plaintiff - Appellant,

        v.

UNITED PARCEL SERVICE, INC.,

             Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:18-cv-01143-TDC)

Submitted: March 24, 2020                                    Decided: April 7, 2020

Before WILKINSON and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Seon D. Deabreu, Appellant Pro Se. Jill Schultz Distler, Emmett F. McGee, Jr., JACKSON LEWIS PC, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Seon D. Deabreu appeals the district court's order denying reconsideration of its dismissal of his employment discrimination action against his former employer, United Parcel Service, Inc. ("UPS").[*] Deabreu alleged that in 2008, UPS discriminated against him on the basis of his religion and ultimately terminated his employment in retaliation for filing a complaint with the Equal Employment Opportunity Commission (EEOC), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2018) (Title VII). Finding no reversible error, we affirm.

Title VII requires that an aggrieved person file a civil action within 90 days after the EEOC issues a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). The district court granted UPS's motion to dismiss Deabreu's complaint as untimely. The court also denied Deabreu's subsequent motion for reconsideration, which it construed as filed pursuant to Fed. R. Civ. P. 59(e). We review the denial of motions for reconsideration filed pursuant to Fed. R. Civ. P. 59(e) or 60(b) for abuse of discretion. *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018) (Rule 59(e) motion); *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (Rule 60(b) motion).

Because Deabreu's motion was not filed within 28 days after the entry of the district court's judgment dismissing the action, the motion is properly construed as filed pursuant to Rule 60(b). *See* Fed. R. Civ. P. 59(e) (providing 28-day filing period). Nevertheless,

---

[*] On May 23, 2019, we granted UPS's motion to dismiss as untimely filed Deabreu's appeal of the district court's December 4, 2018, order dismissing the action.

2

"we may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016). Having reviewed the record, we conclude that the district court did not abuse its discretion in denying Deabreu's motion for reconsideration.

Accordingly, we affirm the district court's order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
