**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7806**

TYRONE PRICE,

        Plaintiff - Appellant,

    v.

JOE COAKLEY; LUKE CUSTER,

        Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief Judge.  (3:19-cv-00072-GMG)

Submitted:  November 30, 2020           Decided:  December 15, 2020

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Tyrone Price, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Price seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing without prejudice Price's complaint brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the district court's subsequent order denying his Fed. R. Civ. P. 60(b)(6) motion. We dismiss in part and affirm in part.

First, we address whether the district court's dismissal order is a final appealable order. We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). An order dismissing a complaint without prejudice is not an appealable final order if "the plaintiff could save his action by merely amending his complaint." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993). In *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 614-15 (4th Cir. 2020), we recently emphasized the case-by-case nature of the inquiry, specifically focusing on whether the plaintiff could plead additional facts to expose the defendant(s) to liability, whether the district court dismissed only the complaint or directed that the entire case be closed, and whether the plaintiff elected to stand on his complaint as filed. Based on our consideration of these factors, we conclude that the district court's order is a final appealable order.

Second, we consider the timeliness of Price's appeal. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Parties are accorded 30 days after the entry of the district court's final

2

judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). Here, the district court dismissed Price's complaint on July 8, 2019. Price did not appeal this dismissal until November 29, 2019. Because Price failed to timely appeal the district court's order dismissing his complaint, and no intervening motion extended the appeal period, we dismiss his appeal for lack of jurisdiction as to that order.[*]

Price's appeal is timely, however, with respect to the district court's order denying his Fed. R. Civ. P. 60(b)(6) motion. We review a district court's denial of motion for reconsideration for abuse of discretion. *See Hickerson v. Yamaha Motor Corp.*, 882 F.3d 476, 481 (4th Cir. 2018). In ruling on an appeal from the denial of a Rule 60(b) motion, "we do not review the merits of the underlying order but rather only whether the movant satisfied the requirements for Rule 60(b) relief." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (internal citation omitted). Rule 60(b)(6) is a catchall provision that allows relief for "any other reason" not covered in subsections (1) through (5). A motion based on Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 500-01 (4th Cir. 2011) (en banc). We have reviewed the record and conclude that the district court did not abuse its discretion in

---

[*] Although Price's receipt of the district court's dismissal order may have been delayed due to Price's change of address, our review of the record reveals that Price received notice of the dismissal order no later than August 15, 2019, and he did not file a motion that may be construed as a motion to extend the appeal period under Rule 4(a)(5) or a motion to reopen the appeal period under Rule 4(a)(6).

denying Price's motion for relief from judgment pursuant to Rule 60(b). We therefore affirm the district court's order denying reconsideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*
*AND AFFIRMED IN PART*

4