**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7864**

BRIAN JOSEPH STOLTIE,

　　　　　　Plaintiff - Appellant,

　　　v.

COUNTY OF ANDERSON; ANDERSON COUNTY SHERIFF; ANDERSON COUNTY DETENTION CENTER; ANDERSON COUNTY DETENTION CENTER MEDICAL DIRECTOR; ANDERSON COUNTY DETENTION CENTER DIRECTOR; JOHN DOE, Sergeant Anderson County Detention Center; JOHN DOE, Correctional Officer Anderson County Detention Center; MS. STEPHANIE JOSEPH,

　　　　　　Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:20-cv-00193-TMC)

Submitted: August 31, 2021　　　　　　　　Decided: September 28, 2021

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Brian Joseph Stoltie, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Joseph Stoltie appeals the district court's orders dismissing his 42 U.S.C. § 1983 complaint without prejudice for failure to prosecute and denying relief on his motion to reconsider pursuant to Fed. R. Civ. P. 60(b). We dismiss in part and affirm in part.

Regarding the dismissal of his complaint, Stoltie's notice of appeal was due no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extended the appeal period under Fed. R. App. P. 4(a)(5), or reopened the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court's order dismissing Stoltie's complaint was entered on May 21, 2020, and, according to his own assertion, Stoltie first received notice of the entry of that order on July 24, 2020. Thus, in order for the district court to have the authority to reopen the appeal period as to that order, Stoltie was required to file a motion requesting that the court do so by August 7. *See* Fed. R. App. P. 4(a)(6)(B).[1] However, Stoltie did not move for an extension of the appeal period until December 8. *See Houston v. Lack*, 487 U.S. 266, 267 (1988) (establishing prison mailbox rule). Thus, the district court did not have the authority to grant an extension of the appeal period as to this order. *See* Fed. R. App. P. 26(b)(1) (prohibiting extension of time to file notice of appeal except

---

[1] Although Stoltie filed a motion to reconsider the district court's order within that period, that filing did not toll the applicable periods because the motion was filed more than 28 days after the entry of the court's order. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

2

as authorized by Fed. R. App. P. 4).  Accordingly, to the extent that Stoltie seeks to appeal the district court's order dismissing his complaint, we dismiss the appeal for lack of jurisdiction.

Stoltie also appeals the district court's order denying his motion for reconsideration.[2]  We review the denial of motions for reconsideration filed pursuant to Rule 60(b) for abuse of discretion.  *Aikens*, 652 F.3d at 501.  Having reviewed the record, we conclude that the district court did not abuse its discretion in denying Stoltie's motion.  Accordingly, we affirm the district court's order denying that motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[2] Because Stoltie moved for the district court to reopen the appeal period as to this order within 14 days of receiving notice of the order and the district court granted the motion, we have jurisdiction over this portion of the appeal.  However, because "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review," *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (internal quotation marks omitted), the limited reopening of the appeal period does not confer on this court jurisdiction to review the underlying order dismissing Stoltie's complaint.