**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1781**

SYLVIA CORRY,

        Plaintiff - Appellant,

    v.

S. C. JOHNSON & SON, INC., a North Carolina corporation,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:21-cv-00049-FDW-DCK)

Submitted:  November 18, 2021          Decided:  November 19, 2021

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Sylvia Corry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvia Corry seeks to appeal the district court's orders dismissing her amended civil complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and denying reconsideration of its order dismissing her amended complaint. We dismiss in part and affirm in part.

Corry's notice of appeal only identifies the order denying the motion for reconsideration. To the extent that Corry intended to appeal the underlying dismissal order, the notice of appeal was due no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extended the appeal period under Fed. R. App. P. 4(a)(5), or reopened the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and "an appeal from denial of [Fed. R. Civ. P.] 60(b) relief does not bring up the underlying judgment for review," *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (internal quotation marks omitted). The district court's order dismissing Corry's amended complaint was entered on May 4, 2021. The notice of appeal was filed on July 16, 2021. Because Corry's appeal from the dismissal of her complaint is untimely and she did not obtain an extension or reopening of the appeal period, nor was her motion for reconsideration timely under Fed. R. Civ. P. 59(e), we dismiss this portion of the appeal for lack of jurisdiction.

Corry seeks appeal of the denial of the Fed. R. Civ. P. 59(e) motion for reconsideration. We review the denial of motions for reconsideration filed pursuant to Rule 59(e) or Rule 60(b) for abuse of discretion. *Wicomico Nursing Home v. Padilla*, 910

2

F.3d 739, 750 (4th Cir. 2018) (Rule 59(e) motion); *Aikens*, 652 F.3d at 501 (Rule 60(b) motion). Because Corry's motion was not filed within 28 days after the entry of the district court's order dismissing the action, the motion is properly construed as filed pursuant to Rule 60(b). *See* Fed. R. Civ. P. 59(e) (providing 28-day filing period); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (explaining postjudgment motions should be construed based on time period within which they are filed). Nevertheless, "we may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016). Having reviewed the record, we conclude that the district court did not abuse its discretion in denying Corry's motion for reconsideration. Accordingly, we affirm the district court's order denying that motion.

Accordingly, we dismiss Corry's appeal of the order dismissing her amended complaint and affirm the order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*