**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6145

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANJAY RAVINDRABHAI PATEL, a/k/a Jay, a/k/a Ramesh Raval, a/k/a Anjay Patel,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Michael F. Urbanski, Chief District Judge. (5:11-cr-00031-MFU-RSB-1)

Submitted: May 14, 2024                                Decided: May 23, 2024

Before WILKINSON and NIEMEYER, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** C. Samuel Rael, RAEL LAW FIRM, Atlanta, Georgia, for Appellant. Christopher R. Kavanaugh, United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anjay Ravindrabhai Patel appeals the district court's December 2021 order denying two motions. The first was Patel's Fed. R. Civ. P. 60(b) motion seeking relief from the order construing his prior Rule 60(b) motion as an unauthorized, successive 28 U.S.C. § 2255 motion and denying it without prejudice on that ground. The second was Patel's motion to reconsider the order denying his petition for a writ of error coram nobis. Finding no reversible error, we affirm.

"[W]e review a district court's denial of a Rule 60(b) motion for abuse of discretion." *Justus v. Clarke*, 78 F.4th 97, 104 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 1096 (2024). Assuming that the district court improperly construed Patel's first Rule 60(b) motion as an unauthorized, successive § 2255 motion, we conclude that the denial of Patel's second Rule 60(b) motion was nevertheless proper. *See Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 722 n.19 (4th Cir. 2024) (reiterating that "we may affirm on any basis apparent from the record"). Because Patel easily could have asserted the arguments presented in his second Rule 60(b) motion on appeal from the order denying his first Rule 60(b) motion, the second Rule 60(b) motion was "merely an inappropriate substitute for an appeal." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).

A writ of error coram nobis is an "extraordinary remedy" that may be used only to correct errors "of the most fundamental character." *United States v. Lesane*, 40 F.4th 191, 197 (4th Cir. 2022) (internal quotation marks omitted). Accordingly, to succeed on a coram nobis petition, the petitioner must show that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction[s] earlier; (3) adverse consequences

2

exist from the conviction[s] sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.* In assessing a district court's order denying coram nobis relief, "we review the district court's factual findings for clear error, its rulings on questions of law de novo, and its ultimate decision to deny the coram nobis writ for abuse of discretion." *Id.*

Addressing the first requirement, the district court concluded that the usual remedy of a § 2255 motion was available to Patel because he could have raised his actual-innocence claim in his prior § 2255 proceeding. As the Government concedes, this was incorrect because the first requirement focuses on the present availability of the more usual remedy. And, if a petitioner is no longer in custody, the more usual remedy of a § 2255 motion is not presently available to him. *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012); *see United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022) ("A petitioner may seek a writ of error coram nobis to challenge his federal conviction when he is no longer in custody but still faces consequences from his conviction."). Thus, Patel satisfied the first requirement for coram nobis relief because, when he filed his petition in October 2020, he "ha[d] fully served his sentence and c[ould] no longer pursue habeas corpus relief." *Lesane*, 40 F.4th at 201; *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017) ("[A] prisoner on supervised release is considered to be in custody for the purposes of a § 2255 motion." (internal quotation marks omitted)).

Patel's delay, however, is relevant to the second requirement. Patel easily could have raised his actual-innocence and any associated ineffective-assistance-of-counsel claims years prior to when he first raised them in 2019, as the case on which he relies was

3

issued prior to his sentencing hearing in 2013. *See United States v. Hasan*, 718 F.3d 338 (4th Cir. 2013). The parties do not dispute that Patel satisfied the third requirement, as he is still experiencing adverse consequences from his convictions. As for the fourth requirement, we are not persuaded that Patel is "clearly innocent" under *Hasan* and, therefore, the error he identifies is not of the fundamental character that could excuse his inordinate delay. *See Lesane*, 40 F.4th at 201.

Because the district court did not abuse its discretion by denying both of the challenged motions, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*