**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-6915**

───────────────

WILLIAM ANTHONY JOHNSON,

               Petitioner - Appellant,

     v.

R. HUDGINS, Warden,

               Respondent - Appellee.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:20-cv-00057-GMG)

───────────────

Submitted:  May 30, 2024                        Decided:  June 3, 2024

───────────────

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

William Anthony Johnson, Appellant Pro Se.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Anthony Johnson, a federal prisoner, appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order adopting the recommendation of the magistrate judge and denying relief on Johnson's 28 U.S.C. § 2241 petition.[*] We review a district court's denial of a motion for reconsideration for abuse of discretion. *See Aikens*, 652 F.3d at 501 (4th Cir. 2011). We have reviewed the record and conclude that the district court did not abuse its discretion in denying Johnson's Rule 60(b) motion.

Accordingly, we affirm the district court's order. *Johnson v. Hudgins*, 3:20-cv-00057-GMG (N.D.W. Va., July 20, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] After denying Johnson's § 2241 petition on March 16, 2023, the district court granted his motion to extend the time in which to file a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). We conclude that the district court was without authority to grant such an extension. *See* Fed. R. Civ. P. 6(b)(2). Accordingly, because Johnson filed his motion for reconsideration on April 21, 2023, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), more than 28 days after entry of the court's judgment, the motion is properly construed as arising under Rule 60(b), *see MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (construing prior version of Rule 59(e) with 10-day time period). To the extent that Johnson attempts to appeal the underlying order, an appeal from the denial of a Rule 60(b) motion does not "bring up the underlying judgment for review." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (cleaned up).

2