**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-2135**

---

KENNETH FITCH; PHYLIS REINARD; DEBORAH HEIM; MARY FRYE; ALAN RIVKIN; HOWARD KILIAN,

Plaintiffs - Appellants,

and

MICHAEL WAYNE BRIDGETT; DEBORAH MONROE; DEBORAH GARLITZ; MARK HENRY,

Plaintiffs,

v.

STATE OF MARYLAND; WES MOORE, Governor of Maryland; HELEN T. GRADY, Secretary of Budget and Management,

Defendants - Appellees,

and

DERECK E. DAVIS, State Treasurer; BROOKE E. LIERMAN, State Comptroller; SRPS BOARD OF TRUSTEES PENSION SYSTEM, c/o Office of Attorney General,

Defendants.

---

**No. 24-2266**

---

KENNETH FITCH; PHYLIS REINARD; DEBORAH HEIM; MARY FRYE; ALAN RIVKIN; HOWARD KILIAN,

Plaintiffs - Appellants,

and

MICHAEL WAYNE BRIDGETT; DEBORAH MONROE; DEBORAH GARLITZ; MARK HENRY,

Plaintiffs,

v.

STATE OF MARYLAND; HELEN T. GRADY, Secretary of Budget and Management; WES MOORE, Governor of Maryland,

Defendants - Appellees,

and

SRPS BOARD OF TRUSTEES PENSION SYSTEM, c/o Office of Attorney General; DERECK E. DAVIS, State Treasurer; BROOKE E. LIERMAN, State Comptroller,

Defendants.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. Peter J. Messitte, Senior District Judge.  (1:18-cv-02817-PJM)

---

Submitted:  May 9, 2025                                      Decided:  May 20, 2025

---

Before WILKINSON, THACKER, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Deborah A. Holloway Hill, LAW OFFICE OF DEBORAH HILL, LLC, Cockeysville, Maryland, for Appellants. Anthony G. Brown, Attorney General of Maryland, Ryan R. Dietrich, Assistant Attorney General, OFFICE OF THE ATTORNEY

GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Kenneth Fitch, Phylis Reinard, Deborah Heim, Mary Frye, Alan Rivkin, and Howard Killian ("the Fitch Plaintiffs"), all retired employees of the State of Maryland government, appeal two orders of the district court: (1) an order awarding summary judgment to the defendant-appellees[1] on the Fitch Plaintiffs' claims related to Maryland's discontinuation of certain prescription drug benefits for state employees and retirees (No. 23-2135), and (2) an order denying the Fitch Plaintiffs' motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) (No. 24-2266). After thoroughly reviewing the record and the parties' submissions on appeal, we affirm both orders.

The district court awarded summary judgment to the State on the Fitch Plaintiffs' claims based on our prior decision in this litigation, *AFSCME Md. Council 3 v. Maryland*, 61 F.4th 143 (4th Cir. 2023). In that decision, we affirmed the district court's dismissal of similar claims brought on behalf of current state employees. *Id.* at 145-46. We held that the relevant Maryland statutes "do not create a contract between the State of Maryland and its employees or retirees" with respect to the prescription drug benefits at issue. *Id.* at 151.

In these appeals, the Fitch Plaintiffs assert many reasons why the district court should not have followed our earlier decision. We are satisfied, however, that the district court was obliged to do so and that the district court correctly awarded summary judgment

---

[1] The defendant-appellees are the State of Maryland, Maryland Governor Wes Moore, and Maryland Secretary of Budget and Management Helen T. Grady. We refer to the defendant-appellees collectively as "the State."

4

to the State on the Fitch Plaintiffs' claims.[2] *See Hannah P. v. Haines*, 80 F.4th 236, 246 (4th Cir. 2023) (explaining law-of-the-case doctrine); *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (explaining standard of review for summary judgment award); *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) ("[O]ne panel cannot overrule a decision issued by another panel.").

As for the district court's order denying the Fitch Plaintiffs' Rule 60(b)(6) motion, we conclude that the district court did not abuse its discretion in ruling that the Fitch Plaintiffs neither established extraordinary circumstances justifying relief nor presented a viable equal protection claim premised on Maryland's passage of the Access to Care Act, 2024 Md. Laws Ch. 841 (S.B. 705).[3] *See Fed. Trade Comm'n v. Ross*, 74 F.4th 186, 190 (4th Cir. 2023) (reviewing denial of Rule 60(b)(6) motion for abuse of discretion), *cert. denied*, 144 S. Ct. 693 (2024); *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (explaining requirements for relief under Rule 60(b)(6), including that movant show "extraordinary circumstances" (internal quotation marks omitted)).

---

[2] After we issued our decision in the prior appeal, the Fitch Plaintiffs asserted a fraud claim in the district court in response to the State's motion for summary judgment. The district court ruled that any such claim would be futile for two independent reasons, and the Fitch Plaintiffs fail to contest those reasons on appeal. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (alterations and internal quotation marks omitted)).

[3] The Fitch Plaintiffs alleged other claims in their Rule 60(b)(6) motion, but they mention those claims only in passing on appeal. We thus do not address them. *See Grayson O Co.*, 856 F.3d at 316.

Accordingly, we affirm the district court's orders awarding summary judgment to the State and denying the Fitch Plaintiffs' Rule 60(b)(6) motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*