**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1068

ASSOCIATION FOR EDUCATION FAIRNESS,

Plaintiff - Appellant,

v.

MONTGOMERY COUNTY BOARD OF EDUCATION; DR. MONIQUE FELDER, Interim Superintendent,

Defendants - Appellees,

and

ASIAN AMERICAN YOUTH LEADERSHIP EMPOWERMENT AND DEVELOPMENT; CASA, INC.; MONTGOMERY COUNTY BRANCH OF THE NAACP; IDENTITY, INC.; MONTGOMERY COUNTY PROGRESSIVE ASIAN AMERICAN NETWORK,

Amici Supporting Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:20-cv-02540-PX)

Submitted:  October 31, 2025                          Decided:  February 3, 2026

Before RICHARDSON and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Joshua P. Thompson, Christopher M. Kieser, Erin E. Wilcox, Sacramento, California, Glenn E. Roper, PACIFIC LEGAL FOUNDATION, Highlands Ranch, Colorado, for Appellant.  Jo-Ann Tamila Sagar, Nathaniel A.G. Zelinsky, Washington, D.C., Steven F. Barley, HOGAN LOVELLS US LLP, Baltimore, Maryland, for Appellees.

Leslie E. John, Travis J. Watson, Philadelphia, Pennsylvania, Maraya N. Pratt, Baltimore, Maryland, Steven L. Becton II, BALLARD SPAHR LLP, Wilmington, Delaware; Niyati Shah, Shalaka Phadnis, ASIAN AMERICANS ADVANCING JUSTICE-AAJC, Washington, D.C.; Francisca D. Fajana, LATINOJUSTICE PRLDEF, New York, New York; Michaele N. Turnage Young, Jin Hee Lee, Michael Skocpol, Washington, D.C., Allison Scharfstein, NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., New York, New York, for Amici Supporting Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Association for Education Fairness (AFEF) brought an amended complaint against the Montgomery County Board of Education and its superintendent (collectively, the Board) under 42 U.S.C. §§ 1981, 1983, claiming that the Board's then-new admissions policy for selecting students for magnet middle schools unconstitutionally discriminated against Asian American students, in violation of the Equal Protection Clause of the Fourteenth Amendment. The Board moved under Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint, and the district court granted its motion. The court concluded that the amended complaint failed as a matter of law because it did "not aver plausibly that the" challenged policy "disparately impacts Asian American students." *Ass'n for Educ. Fairness v. Montgomery Cnty. Bd. of Educ.*, 617 F. Supp. 3d 358, 368 (D. Md. 2022). The court also concluded that the amended complaint contained "no facts [that] give rise to the inference that the" challenged policy was implemented with discriminatory intent. *Id.* Following the district court's dismissal of the amended complaint, AFEF moved under Fed. R. Civ. P. 60(b)(2) for relief from the dismissal judgment. The district court denied this motion, and AFEF appeals both of the district court's orders.

We review de novo the district court's Fed. R. Civ. P. 12(b)(6) dismissal of AFEF's amended complaint, *Guerrero v. Ollie's Bargain Outlet, Inc.*, 115 F.4th 349, 353 (4th Cir. 2024), and we review for abuse of discretion the district court's ruling denying the Rule 60(b)(2) motion, *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).

Upon review of the record and the briefs filed by the parties and the amici, we discern no reversible error in the district court's rulings. As AFEF concedes, the amended

3

complaint does not plausibly allege that the challenged policy disparately impacts Asian American students under the applicable standards for assessing disparate impact set forth in *Coal. for TJ vs. Fairfax Cnty. Sch. Bd.*, 68 F.4th 864, 879-81 (4th Cir. 2023).  AFEF suggests that *Coal. for TJ* was wrongly decided on the merits of this issue.  But, as AFEF concedes, *Coal. for TJ* binds this panel.  *See Warfaa v. Ali*, 811 F.3d 653, 661 (4th Cir. 2016).  "[E]ven if we agreed [with AFEF], we 'cannot overrule a decision issued by another panel.'"  *United States v. Green*, 67 F.4th 657, 670 (4th Cir. 2023) (quoting *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc)).  Under binding precedent, AFEF's equal protection claim lacks an "essential element," *Coal. for TJ*, 68 F.4th at 882, and we therefore conclude no reversible error is present in the district court's Rule 12(b)(6) dismissal ruling.

Turning to the district court's ruling denying AFEF's Rule 60(b)(2) motion,[*] AFEF argues that the district court abused its discretion because, under the "proper legal standard" for disparate impact, the evidence appended to its motion demonstrated that Asian American students were adversely affected by the challenged policy.  AFEF, however, has not developed this argument or presented it in accordance with Fed. R. App. P. 28(a)(8)(A).  We therefore conclude AFEF has waived appellate review of the Rule

---

[*] Rule 60(b)(2) permits a district court to relieve a party from a final judgment or order on account of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P.] 59(b)." Fed. R. Civ. P. 60(b)(2).

4

60(b)(2) denial ruling. *See Misjuns v. City of Lynchburg*, 139 F.4th 378, 386 n.* (4th Cir. 2025); *United States v. Miller*, 41 F.4th 302, 313 (4th Cir. 2022).

Accordingly, we affirm the district court's orders. *Ass'n for Educ. Fairness v. Montgomery Cnty. Bd. of Educ.*, No. 8:20-cv-02540-PX (D. Md. July 29 & Dec. 16, 2022); *Ass'n for Educ. Fairness*, 617 F. Supp. 3d at 373. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*