**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-2471**

---

DYMOND THOMAS,

      Plaintiff - Appellant,

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY; HOMELAND SECURITY INVESTIGATIONS; UNITED STATES OF AMERICA; ALEJANDRO N. MAYORKAS, Secretary of the Department of Homeland Security; BENJAMIN BAIN-CREED, Assistant U.S. Attorney; SETH JOHNSON, Assistant U.S. Attorney; DENA J. KING, U.S. Attorney for the Western District of North Carolina; DANIEL LEAL, Special Agent of Homeland Security; JONATHAN CERDEN, HSI Task Force Officer; GREGORY ALTIZER, HSI Task Force Officer,

      Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:24-cv-00916-GCM)

---

Submitted:  March 26, 2026               Decided:  March 30, 2026

---

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Dymond Thomas, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dymond Thomas appeals the district court's November 19, 2025, order denying his Fed. R. Civ. P. 60(b) motion to set aside the court's order dismissing his pro se complaint. On appeal, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because Thomas's informal brief does not challenge the district court's reasons for denying his Rule 60(b) motion, he has forfeited appellate review of the court's order.[*] *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). And even if Thomas had not forfeited appellate review of that order, we would conclude that the district court did not abuse its discretion in denying relief. *See Justus v. Clarke*, 78 F.4th 97, 104 (4th Cir. 2023) (stating standard of review). Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Thomas's informal brief seems to challenge the district court's June 17, 2025, dismissal order. Because Thomas did not timely appeal that order, however, we lack jurisdiction to review it. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). To explain, Thomas had 60 days, or until Monday, August 18, 2025, to appeal the dismissal order. *See* Fed. R. App. P. 4(a)(1)(B); Fed. R. App. P. 26(a)(1)(C). But Thomas did not file his notice of appeal until December 10, 2025. And because Thomas did not file his Rule 60(b) motion within 28 days of the entry of the dismissal order, that motion did not toll the appeal period for the dismissal order. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Moreover, "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (internal quotation marks omitted).