**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7754**

BRIAN JOSEPH STOLTIE,

Plaintiff - Appellant,

v.

COUNTY OF LEXINGTON; LEXINGTON COUNTY SHERIFF DEPARTMENT; WELLPATH, sued in their official capacities; KEVIN JONES; LONA STARKS; MR. DARBY; MS. BETTY; MS. JESSICA; MS. HARE; MR. KEYS; DAVID OR; MR. J. MURPHY, sued in their official and individual capacities,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Sherri A. Lydon, District Judge. (0:19-cv-00387-SAL)

Submitted: March 23, 2021                    Decided: March 29, 2021

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Brian Joseph Stoltie, Appellant Pro Se. David Allan DeMasters, DAVIDSON, WREN & PLYLER, PA, Columbia, South Carolina; Mark Victor Gende, William Alexander Neinast, SWEENY, WINGATE & BARROW, PA, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Joseph Stoltie seeks to appeal the district court's orders adopting the magistrate judge's recommendation and dismissing Stoltie's 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies and denying relief on his motion to reconsider, which the district court construed as filed pursuant to Fed. R. Civ. P. 59(e). We dismiss in part and affirm in part.

Regarding the dismissal of his complaint, Stoltie's notice of appeal was due no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extended the appeal period under Fed. R. App. P. 4(a)(5), or reopened the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and "an appeal from denial of [Fed. R. Civ. P.] 60(b) relief does not bring up the underlying judgment for review," *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (internal quotation marks omitted). The district court's order dismissing Stoltie's complaint was entered on March 27, 2020. The notice of appeal was filed on November 24, 2020. *See Houston v. Lack*, 487 U.S. 266, 267 (1988) (establishing prison mailbox rule). Because Stoltie's appeal from the dismissal of his complaint is untimely and he did not obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal for lack of jurisdiction.

Stoltie also appeals the district court's order denying his motion for reconsideration. We review the denial of motions for reconsideration filed pursuant to Rule 59(e) or Rule 60(b) for abuse of discretion. *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750

2

(4th Cir. 2018) (Rule 59(e) motion); *Aikens*, 652 F.3d at 501 (Rule 60(b) motion). Because Stoltie's motion was not filed within 28 days after the entry of the district court's order dismissing the action, the motion is properly construed as filed pursuant to Rule 60(b). *See* Fed. R. Civ. P. 59(e) (providing 28-day filing period); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (explaining postjudgment motions should be construed based on time period within which they are filed). Nevertheless, "we may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016). Having reviewed the record, we conclude that the district court did not abuse its discretion in denying Stoltie's motion for reconsideration. Accordingly, we affirm the district court's order denying that motion.

We deny Stoltie's motion for appointment of counsel and deny as moot his motion to compel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*