**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1972**

CLARENCE ANDERSON, III,

       Petitioner - Appellant,

    v.

LIEUTENANT GENERAL JEFFREY A. ROCKWELL, The Judge Advocate General United States Air Force; LIEUTENANT GENERAL MARK NOWLAND, Deputy Chief of Staff for Operations, Plans and Requirements United States Air Force; BARBARA BARRETT,

       Respondents - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, Senior District Judge. (1:19-cv-01139-AJT-IDD)

Submitted: June 1, 2021                       Decided: June 11, 2021

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Clarence Anderson, III, Appellant Pro Se. Matthew James Mezger, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Anderson, III, appeals from the district court's February 27, 2020, order dismissing his petition for declaratory and injunctive relief, in which Anderson challenged his convictions after trial by a general court-martial. Anderson also appeals from the district court's June 16, 2020, order denying his first motion for reconsideration and the district court's July 13, 2020, order denying his second motion for reconsideration. As explained below, we dismiss in part and affirm in part.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order dismissing Anderson's petition on February 27, 2020. Anderson filed his notice of appeal on September 11, 2020. Because Anderson failed to file a timely notice of appeal from the February 27, 2020, order, or to obtain an extension or reopening of the appeal period for that order, we dismiss Anderson's appeal from the February 27, 2020, order.[*]

---

[*] Anderson's reconsideration motions did not extend the appeal period for the February 27, 2020, order because they were filed more than 28 days after the district court entered that order. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

With respect to Anderson's appeal from the district court's June 16, 2020, order denying his first motion for reconsideration, we have reviewed the record and conclude that the district court did not abuse its discretion in denying relief under Fed. R. Civ. P. 60(b). *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).

As for Anderson's appeal from the district court's July 13, 2020, order denying his second motion for reconsideration, we observe that Anderson's second reconsideration motion challenged the denial of his first reconsideration motion and was filed within 28 days of the June 16, 2020, order. Accordingly, the district court should have construed Anderson's second motion for reconsideration as a Fed. R. Civ. P. 59(e) motion rather than a Rule 60(b) motion. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010). Nevertheless, we are satisfied that the district court did not abuse its discretion in denying Anderson's second motion for reconsideration, regardless of whether it is construed as a Rule 59(e) motion or a Rule 60(b) motion. *See Aikens*, 652 F.3d at 501; *Robinson*, 599 F.3d at 407.

For those reasons, we dismiss Anderson's appeal from February 27, 2020, order, and affirm the district court's June 16, 2020, and July 13, 2020, orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3