**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1091**

_____

DELILA UWASOMBA,

        Plaintiff - Appellant,

     v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,

        Defendant - Appellee,

     and

BANK OF AMERICA, N.A.,

        Defendant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:18-cv-02520-RDB)

_____

Submitted: November 18, 2021                 Decided: January 6, 2022

_____

Before MOTZ and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Joseph D. Allen, SIMMS SHOWERS LLP, Baltimore, Maryland, for Appellant. Elena D. Marcuss, Adam T. Simons, MCGUIREWOODS LLP, Baltimore, Maryland,

for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delila Uwasomba seeks to appeal the district court's orders (1) granting summary judgment in favor of Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") in Uwasomba's action alleging Merrill Lynch discriminated against her and wrongfully refused to hire her for employment because of her Nigerian national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; and (2) denying Uwasomba's purported Fed. R. Civ. P. 59(e) motion to alter or amend judgment. We dismiss in part and affirm in part.

"[W]e have an independent obligation to verify the existence of appellate jurisdiction." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In civil cases, a notice of appeal must be filed no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).

When a party files a timely Rule 59(e) motion before filing a notice of appeal, the time to file an appeal runs from the entry of the order resolving the Rule 59 motion. Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 59(e) motion must be filed within 28 days of entry of the district court's judgment, however, *see* Fed. R. Civ. P. 59(e), and a district court cannot extend the time to file such a motion, *see* Fed. R. Civ. P. 6(b)(2).

3

The district court here entered its dismissal order on March 31, 2020. Uwasomba filed her purported Rule 59(e) motion nearly four months later, on July 21, 2020. After appropriately construing the motion as a Fed. R. Civ. P. 60(b) motion, *see In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992), the district court denied the motion by order entered December 18, 2020. On January 19, 2021, Uwasomba noted an appeal from both the order granting Merrill Lynch summary judgment and the order denying her Rule 59(e) motion.

Because Uwasomba's Rule 59(e) motion was not timely filed, the appeal period for the dismissal order was not tolled by the filing of that motion. *See* Fed. R. App. P. 4(a)(4)(A). Consequently, Uwasomba's appeal from the dismissal order was filed well after the 30-day appeal period expired. We therefore lack jurisdiction to review the district court's order granting Merrill Lynch's summary judgment motion. *See Bowles*, 551 U.S. at 214. We reject Uwasomba's argument that her time to file a Rule 59(e) motion was extended by the district court's Standing Order. *See* Fed. R. Civ. P. 6(b)(2).

We do, however, possess jurisdiction to review the district court's order denying Uwasomba's postjudgment motion. *See* Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 6(a). We have reviewed the record and conclude that the district court did not abuse its discretion in denying the postjudgment motion, *see Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (stating standard of review for Rule 60(b) motion), and therefore affirm the district court's order, *Uwasomba v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 1:18-cv-02520-RDB (D. Md. Dec. 18, 2020).

Based on the foregoing, we dismiss in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*