**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 20-6287**

───────────────

DAVID EDWARD CAVALIERI,

Petitioner - Appellant,

v.

COMMONWEALTH OF VIRGINIA,

Respondent - Appellee.

───────────────

**No. 20-7134**

───────────────

DAVID EDWARD CAVALIERI,

Petitioner - Appellant,

v.

COMMONWEALTH OF VIRGINIA,

Respondent - Appellee.

───────────────

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:18-cv-00356-LMB-JFA)

───────────────

Submitted:  December 30, 2021                    Decided:  April 19, 2022

───────────────

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

No. 20-6287, dismissed; No. 20-7134, reversed and remanded by unpublished per curiam opinion.

David Edward Cavalieri, Appellant Pro Se.  Victoria Lee Johnson, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Edward Cavalieri, a state prisoner, filed in the district court a pro se 28 U.S.C. § 2254 petition alleging numerous claims. The petition included a detailed table of contents, a table of authorities, headings delineating each claim, and numbered pages. However, for reasons that remain unknown, more than half of the pages were missing from the version of the petition that made it into the district court record. Thus, although Cavalieri's petition ends on page "93," the document in the record is only 42 pages long.[1]

The Government filed a motion to dismiss, addressing only the claims that were included in the incomplete version of the petition. In opposition to the Government's motion, Cavalieri—citing primarily to the missing pages—noted that the Government had failed to respond to several of his claims and arguments. The district court granted the Government's motion and dismissed Cavalieri's § 2254 petition. The court described the petition as "confusing" and "improperly numbered" and noted that the table of contents listed claims on pages that did not exist. Stating that the court was not a mind reader, the court declared that it would only be addressing the claims that could be deciphered from the petition on file. The court then dismissed each identified claim as either procedurally defaulted, meritless, or not cognizable on habeas review. Cavalieri filed a timely notice of appeal (Case No. 20-6287).

---

[1] Cavalieri's petition also included an attachment, labeled "Exhibit G," outlining his individual claims of ineffective assistance of trial counsel. Each page of the attachment is numbered, and, again, many of the pages are missing.

Shortly after filing his notice of appeal, Cavalieri filed a motion for reconsideration. Because the motion "challenge[d] [a] defect in the integrity of the federal habeas proceedings," it "is a true Rule 60(b) motion." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015). Rule 60(b) "authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (quoting Fed. R. Civ. P. 60(b)(6)). Here, Cavalieri moved for relief under Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), 60(b)(3) ("fraud . . ., misrepresentation, or misconduct by an opposing party"), and 60(b)(6) ("any other reason that justifies relief").

In his Rule 60(b) motion, Cavalieri contended that the district court erred by not addressing all the arguments in his § 2254 petition. Cavalieri observed that some of the pages appeared to have been misplaced by the court because he had mailed in a complete petition.[2] Cavalieri attached to his motion a complete copy of his § 2254 petition, which included the pages that were missing from the original filing. A comparison of the two documents clearly shows that they are copies of the same petition—the only substantive

---

[2] Cavalieri also contended that the district court misunderstood the first claim of his § 2254 petition and thus never properly adjudicated that claim on the merits. The district court addressed this allegation separately, denying that it had misunderstood the claim. Because some of the pages missing from Cavalieri's original petition pertained to his first claim, we treat this allegation as a subset of the larger issue regarding whether the district court should have reconsidered Cavalieri's § 2254 petition upon learning of the filing error.

4

difference being the addition of the missing pages.[3]  The district court denied Cavalieri's

Rule 60(b) motion, stating that Cavalieri sought to cast blame for the filing error on anyone

but himself and that the petition the court considered was the petition that the clerk's office

received and scanned.  Cavalieri timely appealed the district court's denial (Case No.

20-7134), and we consolidated the two appeals.

Following an initial review, we granted Cavalieri's motion for a certificate of

appealability in Case No. 20-7134 on the following issue: "Whether the district court

abused its discretion in denying Cavalieri's Rule 60(b) motion when it refused to reconsider

Cavalieri's § 2254 claims after receiving Cavalieri's complete § 2254 petition."[4]  In

accordance with our order, the Government filed an informal response brief, and Cavalieri

filed an informal reply brief.

We now review for abuse of discretion the district court's denial of Cavalieri's Rule

60(b) motion.  *Aikens*, 652 F.3d at 501.  "In order to obtain relief from a judgment under

Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious

defense to the action, and that the opposing party would not be unfairly prejudiced by

having the judgment set aside."  *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264

(4th Cir. 1993) (cleaned up).  Once the movant has met these threshold requirements, "he

---

[3] As Cavalieri notes in his appellate brief, he annotated the copy of the complete petition that he attached to his Rule 60(b) motion.  However, these annotations are confined to the margins and are not substantive.

[4] We deferred ruling on Cavalieri's appeal of the district court's order denying relief on his § 2254 petition in Case No. 20-6287.

must proceed to satisfy one or more of [Rule 60(b)]'s six grounds for relief from judgment." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984).

As an initial matter, we conclude that Cavalieri has met the threshold requirements for relief. Cavalieri filed his Rule 60(b) motion less than two months after the district court entered its final judgment, which was plainly within a reasonable time under the circumstances. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); *see also Werner*, 731 F.2d at 207 (stating that a Rule 60(b) motion filed less than 11 weeks after the final judgment was "clearly within a reasonable time"). Cavalieri also made sufficiently meritorious claims in his complete § 2254 petition to justify the district court's full consideration.[5] And the Government has not established that it would suffer any prejudice "beyond that suffered by any party which loses a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *see also Werner*, 731 F.2d at 207 (stating that "the type of prejudice contemplated by [Rule 60(b)]" does not include the normal inconveniences parties suffer when "any judgment is vacated").

---

[5] The Government relies on *United States v. Stevens*, 734 F. App'x 196 (4th Cir. 2018) (No. 17-6881) for the proposition that the complete § 2254 petition Cavalieri appended to his Rule 60(b) motion cannot be considered because it is successive and unauthorized. This reliance is misplaced. It is clear from the record that the complete § 2254 petition is not a new document but, rather, a copy of the original petition with the missing pages included.

We turn next to the specific grounds for relief enumerated in Rule 60(b).  We have recognized that these "grounds for relief often overlap, and it is difficult if not inappropriate in many cases to specify or restrict the claim for relief to a particular itemized ground." *Werner*, 731 F.2d at 207.  Here, Rule 60(b)(1) and 60(b)(6) are both potentially applicable.[6] Under the circumstances, however, we conclude that proceeding under Rule 60(b)(6) is more appropriate.  *See Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 106–07 (4th Cir. 1979) (declining to resolve whether district court's error constituted "mistake" under Rule 60(b)(1) because relief was available under Rule 60(b)(6)).

"Rule 60(b)(6) provides the court with a grand reservoir of equitable power to do justice in a particular case." *Reid v. Angelone*, 369 F.3d 363, 374 (4th Cir. 2004) (internal quotation marks omitted), *abrogated in part by McRae*, 793 F.3d at 400 & n.7. "Nevertheless, . . . a court may not grant relief pursuant to Rule 60(b)(6) absent extraordinary circumstances." *Id.*  We conclude that extraordinary circumstances exist in this case.  Although we don't know what happened to the missing pages,[7] Cavalieri

---

[6] We reject Cavalieri's argument that he is entitled to relief under Rule 60(b)(3) because he has not shown by clear and convincing evidence that the Government's actions constituted fraud, misrepresentation, or misconduct or that they impacted his ability to fully present his case. *See Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994).

[7] It seems equally plausible that the missing pages were lost by Cavalieri himself, the prison officials responsible for mailing, or the district court clerk's office. The Government argues that the district court's "factual finding"—that the petition the district court considered was the one received by the clerk's office—forecloses any argument that the court lost the missing pages. However, the district court's only support for this statement is the PACER docket entry containing the incomplete petition, which is not evidence that the district court clerk's office scanned each page of the petition into the record. Accordingly, to the extent the district court's statement can be considered a "factual

exercised due diligence in attempting to present all of his claims to the district court. *See Gonzalez v. Crosby*, 545 U.S. 524, 537–38 (2005) (treating a litigant's diligence or lack thereof as factor in deciding a Rule 60(b) motion in a habeas case); *Reid*, 369 F.3d at 374 (same).

Even though he was pro se, Cavalieri included in his petition a detailed table of contents, a table of authorities, and numbered pages. Moreover, except for the missing pages, Cavalieri presented his arguments in a coherent manner, with individual headings and factual support for each claim. When the Government failed to respond to some of his claims in its motion to dismiss, Cavalieri highlighted the omissions in his response—citing precise page numbers of claims to which the Government had not responded (which turned out to be claims from the missing pages). When the district court explained in its final order that the petition appeared to be missing pages, Cavalieri promptly filed both a notice of appeal and a Rule 60(b) motion with a copy of the complete petition. And, as noted above, when reviewing the two documents side-by-side, it is clear that the complete version of the § 2254 petition is a copy of the same document (with the missing pages included) and not a new petition that Cavalieri drafted in an attempt to present more claims.

Equitable considerations also favor allowing Cavalieri to have each of his habeas claims fully considered on the merits "given the stringent requirements a prisoner must satisfy to file a successive habeas application." *Reid*, 369 F.3d at 374. The complete

---

finding," it is clearly erroneous because it is not supported by any evidence in the record. *See Consol. Coal Co. v. Loc. 1643, United Mine Workers of Am.*, 48 F.3d 125, 128 (4th Cir. 1995).

version of Cavalieri's § 2254 petition not only presented several claims that were not included in the original version, but it also presented additional arguments in support of claims that were included in the original version. And it is unlikely that Cavalieri will have another opportunity to have those claims heard.

Considering the totality of the circumstances, this is one of the rare cases that "cries out for the exercise of that equitable power to do justice," *Gray*, 1 F.3d at 266 (cleaned up). We therefore conclude that the district court abused its discretion in denying Rule 60(b) relief. Accordingly, in Case No. 20-7134, we reverse the district court's order denying Cavalieri's Rule 60(b) motion and remand with instructions to grant the motion and permit Cavalieri to refile his § 2254 petition with the missing pages.

Granting Cavalieri's Rule 60(b) motion will necessarily require the district court to vacate its order dismissing Cavalieri's incomplete § 2254 petition. Accordingly, in Case No. 20-6287, we dismiss Cavalieri's appeal as interlocutory because, following remand, the appeal will no longer be based on a final order. *See* 28 U.S.C. § 1291. We dismiss as moot the motion for a certificate of appealability and motion for a transcript at the Government's expense that Cavalieri filed in Case No. 20-6287.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*NO. 20-6287, DISMISSED,*
*NO. 20-7134, REVERSED AND REMANDED*

9