**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1552**

_____

BRUCE E. PHILLIPS,

        Plaintiff - Appellant,

     v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

        Defendant - Appellee,

     and

BRIAN E. FROSH, U.S. Attorney; ROYCE B. MIN, General Counsel Social Security Administration; WILLIAM P. BARR,

        Defendants.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Stephanie A. Gallagher, District Judge.  (8:19-cv-03053-SAG)

_____

Submitted:  October 18, 2022                  Decided:  October 20, 2022

_____

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Bruce E. Phillips, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce E. Phillips appeals the district court's order granting summary judgment in favor of the Social Security Administration (SSA) on Phillips' complaint seeking review of the denial of his application for widower's insurance benefits, and the court's order denying Phillips' postjudgment motion. We dismiss in part and affirm in part.

Phillips' notice of appeal identifies for appellate review the district court's order affirming the SSA's denial of his claim for benefits. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and "an appeal from denial of [Fed. R. Civ. P.] 60(b) relief does not bring up the underlying judgment for review," *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (internal quotation marks omitted). The district court entered its order granting summary judgment in favor of the Commissioner on August 25, 2020. Phillips filed his notice of appeal on May 10, 2022. Because Phillips' appeal from this order is untimely and he did not obtain an extension or reopening of the appeal period, nor was his postjudgment motion timely filed under Fed. R. Civ. P. 59(e), we dismiss this portion of the appeal for lack of jurisdiction.

Liberally construing Phillips' informal brief to challenge the district court's order denying his postjudgment motion, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we review the denial of motions for reconsideration filed pursuant to Fed. R. Civ. P. 59(e), 60(b) for abuse of discretion. *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018) (Rule 59(e) motion); *Aikens*, 652 F.3d at 501 (Rule 60(b) motion). Because Phillips' motion was not filed within 28 days after the entry of the district court's order

3

granting summary judgment to the Commissioner, the motion is properly construed as filed pursuant to Rule 60(b). *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (explaining postjudgment motions should be construed based on timing of filing). Nevertheless, "we may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016). Having reviewed the record, we conclude that the district court did not abuse its discretion by denying Phillips' Rule 60(b) motion.

Accordingly, we dismiss for lack of jurisdiction Phillips' appeal of the order denying relief on his complaint and affirm the court's order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*