**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7913

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSHAY TERRELL JONES,

Defendant - Appellant.

No. 20-4632

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSHAY TERRELL JONES,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:13-cr-00038-MFU-1; 7:17-cv-81235-MFU-RSB)

Submitted:  December 13, 2022                    Decided:  January 19, 2023

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Juval O. Scott, Federal Public Defender, Christine Madeleine Lee, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Oshay Terrell Jones appeals the district court's order granting in part and denying in part his Fed. R. Civ. P. 60(b) motion, which sought relief from the district court's prior order dismissing his 28 U.S.C. § 2255 motion. Jones also appeals the new sentence imposed following the district court's reopening of his § 2255 proceedings under Rule 60(b) and award of a resentencing hearing based on a meritorious § 2255 claim. For the reasons stated below, we affirm both the district court's order resolving Jones' Rule 60(b) motion and the amended criminal judgment.

Jones first argues that the district court erred in denying the aspect of his Rule 60(b) motion that sought relief under Rule 60(b)(3).[1] Jones sought relief under that provision from the district court's earlier dismissal of his § 2255 claim that bad advice from his trial counsel caused him to reject a favorable plea offer. The district court ruled that Jones' request for relief under Rule 60(b)(3) was untimely because Jones filed his Rule 60(b) motion more than one year after the court entered the dismissal order. *See* Fed. R. Civ. P. 60(c)(1) (providing that Rule 60(b)(3) motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding"). The district court also ruled that Jones was not entitled to equitable tolling of the one-year period.

We are satisfied that the district court did not abuse its discretion in denying Jones' request for relief under Rule 60(b)(3). *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir.

---

[1] Jones does not require a certificate of appealability to appeal the denial of the Rule 60(b)(3) aspect of his Rule 60(b) motion as untimely filed. *United States v. Williams*, __ F.4th __, __, No. 19-7354, 2023 WL 18008, at *2 n.3 (4th Cir. Jan. 3, 2023).

3

2011) (en banc) (stating standard of review). As the district court recognized, Jones' request was untimely under Rule 60(c)(1). And the one-year period under Rule 60(c)(1) is not subject to equitable tolling. *Williams*, __ F.4th at __, 2023 WL 18008, at *5-6.

Jones next challenges his new sentence imposed upon resentencing. The district court awarded Jones a resentencing hearing after reopening Jones' § 2255 proceedings under Rule 60(b)(6) and granting relief on Jones' claim that his trial counsel had rendered ineffective assistance by failing to lodge a particular objection to the drug quantity attributed to Jones at the original sentencing hearing. At the resentencing hearing, the district court overruled Jones' objection to a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018), for possession of a firearm. The district court calculated an advisory Sentencing Guidelines range of 210 to 262 months' imprisonment and varied downward to impose a sentence of 168 months' imprisonment—a 112-month reduction from Jones' original sentence of imprisonment.

Rather than review the merits of Jones' challenge to the firearm enhancement, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). An error

4

will be considered harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

As to the first inquiry, the district court repeatedly expressed that a 168-month sentence was sufficient but not greater than necessary under the 18 U.S.C. § 3553(a) factors. While the district court did not state that it would have imposed the same sentence even if the firearm enhancement were inapplicable, it was not required to do so.[2] *United States v. Savillon-Matute*, 636 F.3d 119, 124 (4th Cir. 2011) ("Although the district court did not specifically state that it would give the same sentence absent the 8-level enhancement, there is no requirement that it do so . . . ."). Given the district court's unambiguous assertions that a 168-month sentence was *the* proper sentence, we are confident that the court would have imposed that same sentence even if it had sustained Jones' objection to the firearm enhancement.

As to the second inquiry, we must assess whether Jones' sentence would be substantively reasonable even if the district court had sustained Jones' objection to the firearm enhancement. Had the district court done so, Jones' Guidelines range would have been 168 to 210 months' imprisonment rather than 210 to 262 months' imprisonment.

---

[2] The district court stated when discussing the drug quantity attributable to Jones, however, that it would have imposed the same sentence even if the base offense level were 28 instead of 30, which would have yielded the same Guidelines range that would have resulted had the court sustained Jones' objection to the firearm enhancement. The district court's statement provides us additional assurance that it would have imposed the same 168-month sentence even if the firearm enhancement were inapplicable.

We are satisfied that the 168-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 168 to 210 months. The district court thoroughly explained why a 168-month sentence was necessary using the § 3553(a) factors. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) (explaining that substantive reasonableness review requires an examination of "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)"). As to Jones' history and characteristics, the district court observed that Jones had a difficult upbringing, that he was relatively young at the time of trial, and that he had received bad advice from his trial counsel that caused him to proceed to trial rather than seek a plea agreement.[3] As for the seriousness of Jones' conduct, the district court emphasized that Jones was a leader of a drug-trafficking conspiracy and that, while the conspiracy was ongoing, Jones had driven a car from which a coconspirator shot at an occupied vehicle. The district court also explained that a sentence of 168 months would promote respect for the law, provide just punishment for the offense, protect the public, and afford adequate deterrence. Finally, the district court determined that a sentence below 168 months would result in an unwarranted sentencing disparity between Jones and his conspirators and would be insufficient under § 3553(a).

---

[3] The district court observed that a 168-month sentence was roughly equivalent to a proposed sentence in a plea offer that Jones had rejected before trial.

6

Because the district court would have imposed the same 168-month sentence even if the firearm enhancement were inapplicable, and because Jones' 168-month sentence would be substantively reasonable even if the court had sustained Jones' objection to that enhancement, we are satisfied that any Guidelines calculation error in these proceedings was harmless. *See McDonald*, 850 F.3d at 645.

Accordingly, we affirm both the district court's order granting in part and denying in part Jones' Rule 60(b) motion and the amended criminal judgment. We also deny Jones' motions for leave to file a pro se supplemental brief and for the appointment of new counsel. *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018) ("[A]n appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*