**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-7361

COREY J. JONES,

Plaintiff - Appellant,

v.

MCCOY, C/O at Keen Mountain Correctional Center; B. HURLEY, C/O at Keen Mountain Correctional Center; SHANNON KEEN; S. K. COLEMAN, C/O at Keen Mountain Correctional Center; CASEY, C/O at Keen Mountain Correctional Center; C. SAUCIER, Nurse at Keen Mountain Correctional Center; OWENS, Major at Keen Mountain Correctional Center; CARL MANIS, Regional Administrator for the Virginia Department of Corrections Western Region,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:21-cv-00610-EKD-JCH)

Submitted:  April 25, 2023                              Decided:  April 28, 2023

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Corey J. Jones, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey J. Jones appeals the district court's order denying his motion to reconsider the court's prior order dismissing without prejudice his 42 U.S.C. § 1983 complaint for failure to prosecute.<sup>*</sup> Because Jones' motion was filed more than 28 days after entry of the district court's dismissal order, it is properly construed as a Fed. R. Civ. P. 60(b) motion. *See* Fed. R. Civ. P. 59(e). Upon review, we conclude that the district court did not abuse its discretion by denying Jones' motion. *See Aikens*, 652 F.3d at 501 (noting standard of review). We therefore affirm the district court's order. *Jones v. McCoy*, No. 7:21-cv-00610-EKD-JCH (W.D. Va. Oct. 20, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent Jones seeks to appeal the district court's order dismissing his complaint, or its earlier order denying his motion for appointment of counsel, those orders are not properly before us. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Parties in civil cases have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends or reopens the appeal period, Fed. R. App. P. 4(a)(5)-(6). The district court entered its order dismissing Jones' complaint on May 2, 2022. Jones noted this appeal, at the earliest, on November 15, 2022. Fed. R. App. P. 4(c)(1); *see Houston v. Lack*, 487 U.S. 266, 276 (1988). And although the notice of appeal is timely as to the motion to reconsider, because Jones filed that motion more than 28 days after entry of the dismissal order, an appeal from that order does not bring up the court's prior orders for appellate review. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (explaining that appeal from order denying Rule 60(b) motion does not bring up underlying order for review). Thus, our review is limited to the district court's order denying Jones' motion to reconsider.

2