**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1208**

BENJAMIN VIENT,

       Plaintiff - Appellant,

    v.

SANFORD HERALD; PAXTON MEDIA GROUP,

       Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:19-cv-00002-TDS-LPA)

Submitted:  May 23, 2024                        Decided:  August 1, 2024

Before GREGORY and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Benjamin Vient, Appellant Pro Se. Kenneth Matthew Vaughn, STEVENS MARTIN VAUGHN & TADYCH, PLLC, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Vient seeks to appeal the district court's March 29, 2022, order accepting the magistrate judge's recommendation, dismissing Vient's second amended complaint, and directing Vient to pay $16,132.50 to the defendants (the "dismissal order"). The district court dismissed the second amended complaint because Vient had engaged in improper conduct throughout the litigation, such as repeatedly filing frivolous motions, and ignored several orders of the court. Vient also appeals the district court's July 7, 2022, order denying his first and second motions for reconsideration and the district court's January 24, 2023, order denying his third and fourth motions for reconsideration. As explained below, we dismiss in part and affirm in part.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Here, the district court entered its dismissal order on March 29, 2022. Within 28 days of the entry of that order, Vient filed his first and second motions for reconsideration, which tolled the appeal period for the dismissal order. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi). The district court entered its order denying the first and second motions for reconsideration on July 7, 2022, so Vient had 30 days from the entry of that order, or until

2

August 8, 2022, to appeal the dismissal order.[1]  But Vient did not file his notice of appeal until February 23, 2023.  Although Vient filed his third motion for reconsideration within 28 days of the district court's July 7, 2022, order, that motion did not further toll the time for appealing the dismissal order.  *See, e.g.*, *Martinez v. City of Chicago*, 499 F.3d 721, 725 (7th Cir. 2007); *Aybar v. Crispin-Reyes*, 118 F.3d 10, 14 (1st Cir. 1997).  Because Vient did not timely appeal the dismissal order, we lack jurisdiction to review that order.

On the other hand, we conclude that Vient timely appealed the district court's July 7, 2022, and January 24, 2023, orders.  As to the July 7, 2022, order, Vient filed his third reconsideration motion on August 4, 2022, within 28 days of that order.  Vient's third reconsideration motion thus tolled the appeal period for the July 7, 2022, order until January 24, 2023, when the district court resolved the third reconsideration motion.  *See Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010).  Because Vient filed his notice of appeal within 30 days of the district court's January 24, 2023, order, we have jurisdiction to review both the July 7, 2022, and January 24, 2023, orders.

Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in denying Vient's four motions for reconsideration across those two orders.[2]  *See Wickersham v. Ford Motor Co.*, 997 F.3d 526, 538 (4th Cir. 2021); *Aikens v.*

---

[1] The thirtieth day of the appeal period, August 6, 2022, fell on a Saturday, so the appeal deadline was extended to the following Monday, August 8.  *See* Fed. R. App. P. 26(a)(1)(C).

[2] The district court should have construed Vient's second motion for reconsideration as a Fed. R. Civ. P. 59(e) motion rather than a Fed. R. Civ. P. 60(b) motion because it was filed within 28 days of the dismissal order.  *See Robinson v. Wix Filtration Corp.*, 599 F.3d (Continued)

3

*Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).  We therefore affirm the district court's July 7, 2022, and January 24, 2023, orders.  *Vient v. Sanford Herald*, No. 1:19-cv-00002-TDS-LPA (M.D.N.C. July 7, 2022; Jan. 24, 2023).

Accordingly, we dismiss Vient's appeal from the March 29, 2022, dismissal order and affirm the district court's July 7, 2022, and January 24, 2023, orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

403, 412 (4th Cir. 2010).  Nevertheless, we are satisfied that the district court did not abuse its discretion in denying Vient's second motion for reconsideration or his other three reconsideration motions.  In his first three reconsideration motions, Vient generally argued that the district court erred in dismissing his second amended complaint because the defendants had failed to produce documents that he requested during discovery.  But Vient was not permitted to ignore the magistrate judge's and the district court's orders until he received discovery materials that he believed were satisfactory.  Moreover, the magistrate judge reasonably resolved Vient's discovery issues after reviewing the defendants' discovery responses.  Vient also argued in his first three motions for reconsideration that the district court and the magistrate judge had violated his constitutional rights to due process and equal protection.  That is, Vient asserted that he was treated more harshly because he proceeded pro se.  Our review of the record reveals no support for that assertion.  Unlike Vient, the defendants did not repeatedly file frivolous motions and disregard court orders.  Finally, Vient argued in his fourth reconsideration motion that he was entitled to relief from judgment under the Copyright Alternative in Small-Claims Enforcement Act of 2020 ("CASE Act"), Pub. L. No. 116-260, § 212, 134 Stat. 2176, 2176-2200.  We agree with the district court that Vient's argument failed given his belated request for a referral to the Copyright Claims Board under the CASE Act and the defendants' representation that they would not consent to such a referral.

4