**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6747**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS CREIGHTON SHRADER,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Irene C. Berger, District Judge.  (1:09-cr-00270-1; 1:13-cv-33098)

---

Submitted:  February 25, 2026                     Decided:  May 26, 2026

---

Before WILKINSON, GREGORY, and RICHARDSON, Circuit Judges.

---

Affirmed in part and affirmed as modified in part by unpublished per curiam opinion.

---

Thomas Creighton Shrader, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Creighton Shrader appeals the district court's order denying his motion for voluntary recusal and the order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized, successive 28 U.S.C. § 2255 motion and denying it on that basis. We affirm in part and affirm as modified in part.

"We review a district court's denial of a motion for recusal for abuse of discretion." *Megaro v. McCollum*, 66 F.4th 151, 163 (4th Cir. 2023). A district court judge "shall" recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). Notably, however, judicial rulings and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (internal quotation marks omitted).

We conclude that the district court abused its discretion in part by denying Shrader's recusal motion as moot. Although Shrader's motion to recuse the magistrate judge was moot due to the judge's retirement, there was in fact a matter pending before the district court—Shrader's Rule 60(b)(6) motion—when the court considered Shrader's motion to recuse the district court judge. *See United States v. Davis*, 99 F.4th 647, 653 (4th Cir.

2024) (explaining that district court abuses its discretion when it "relies on erroneous factual . . . premises" (internal quotation marks omitted)).

Nevertheless, we conclude that Shrader has not established grounds for vacating the district court's order. *See Platt v. Mansfield*, 162 F.4th 430, 446 (4th Cir. 2025) (explaining that "we may affirm on any grounds apparent from the record" (internal quotation marks omitted)).  Shrader's motion was based on his disagreement with the district court judge's rulings in his case, and our review of the record confirms that there was no "deep-seated favoritism or antagonism" displayed against Shrader.  *Lentz*, 524 F.3d at 530 (internal quotation marks omitted); *see Megaro*, 66 F.4th at 163 ("A presiding judge is not required to recuse [her]self simply because of unsupported or highly tenuous speculation.").  Accordingly, we affirm the district court's denial of Shrader's motion for voluntary recusal.

We now turn to the district court's order construing Shrader's Rule 60(b)(6) motion as an unauthorized, successive § 2255 motion, which review de novo.  *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015); *see id.* at 400 (explaining that no certificate of appealability is required to appeal order construing Rule 60(b) motion as unauthorized, successive § 2255 motion).  A prisoner may seek Rule 60(b) relief from the district court's order in a § 2255 proceeding, but "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive" § 2255 motion.  *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003), *abrogated on other grounds by McRae*, 793 F.3d 392.  "[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition."  *McRae*, 793 F.3d at 397.  In contrast, "[a] Rule 60(b) motion

3

that challenges some defect in the integrity of the federal habeas proceedings, . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement" for filing successive § 2255 motions. *Id.*

We conclude that the majority of Shrader's Rule 60(b)(6) motion amounted to an unauthorized, successive § 2255 motion, as he was arguing that the district court was wrong to deny him relief on four grounds raised in his original § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) ("[A]lleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."). The district court, however, should have dismissed those claims without prejudice for lack of jurisdiction. *See Adams Outdoor Advert. Ltd. P'shp v. Beaufort Cnty.*, 105 F.4th 554, 566 (4th Cir. 2024) ("A dismissal for lack of . . . subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (internal quotation marks omitted)). Accordingly, we affirm as modified to reflect that this portion of the Rule 60(b)(6) motion is dismissed without prejudice.

Shrader's claim that the magistrate and district court judges displayed bias in ruling on his original § 2255 motion is a challenge to the integrity of the judicial review process and, therefore, qualifies as a true Rule 60(b) claim. Nevertheless, we conclude that the district court properly declined to consider this allegation of bias as a ground for reconsideration of the denial of Shrader's original § 2255 motion. *See Platt*, 162 F.4th at 446. Because Shrader could have asserted this argument on appeal from the denial of his

4

original § 2255 motion, this portion of his Rule 60(b)(6) motion was "merely an inappropriate substitute for an appeal." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc). Accordingly, we affirm the district court's denial of this portion of Shrader's Rule 60(b)(6) motion.

Finally, consistent with our decision in *Winestock*, we construe Shrader's notice of appeal and informal brief as an application to file a successive § 2255 motion. *See Winestock*, 340 F.3d at 208. Upon review, we conclude that Shrader's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny Shrader authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*AFFIRMED AS MODIFIED IN PART*

5